

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS
## AUSTIN

GERALD C. MANN
ATTORNEY GENERAL

May 19, 1939

Honorable Julian Montgomery
State Highway Engineer
Austin, Texas

Dear Sir:

> Opinion No. o-829
> Re: Alfred Lee Love, Claim
> #00-884. Can the father of
> the deceased relinquish his
> claim in favor of the mother;
> and, if so, is the assign-
> ment submitted the correct
> form?

Your request for an opinion on the above stated question has been received by this office.

Your letter reads in part as follows:

> "Alfred Lee Love, employee of the De-
> partment at Dalhart, Texas, was injured on
> May 8, 1939, while in the course of his
> duties with the Department, and on May 10,
> 1939, died as a result of the injury. Love
> was 20 years of age, not married, and had
> no children. The mother and father who, of
> course, have a vested right to compensa-
> tion without regard to dependency are both
> living. However, they are divorced.

> "We respectfully ask that you please
> advise us if, under the law, the father,
> Walter T. Love, can relinquish his claim
> in favor of the mother, Mrs. Myrtle Reed
> Love, and if so, if the assignment as made
> in the attached affidavit is sufficient, or
> if something else is necessary. If any-
> thing additional is required to permit the
> Department to pay the compensation due to
> the mother, we respectfully ask that you
> kindly instruct us in the proper procedure."



Section 3 of Article 8306 Revised Civil Statutes reads as follows:

"The employees of the subscriber and the parents of minor employees shall have no right of action against their employer or against any agent, servant or employer of said employee for damages for personal injuries, and the representatives and beneficiaries of deceased employee shall have no right of action against such subscribing employer or his agent, servant or employee for damages for injuries resulting in death, but such employees and their representatives and beneficiaries shall look for compensation solely to the association, as the same is hereinafter provided for. All compensation allowed under the succeeding sections herein shall be exempt from garnishment, attachment, judgment and all other suits or claims, and no such right of action and no such compensation and no part thereof or of either shall be assignable, except as otherwise herein provided, and any attempt to assign the same shall be void."

The compensation recoverable for the death of a married employee partakes of the nature of community property and is to be distributed as such, if there is a surviving spouse; no part of the compensation goes to the parent, and if there are no surviving children or descendants, and no surviving spouse, the surviving father and mother take the compensation awarded in equal portions; the fact that the parents are divorced and that the employee was living with one of them in no way affects the right of the other to half of the compensation. Gates v. Texas Employers Ins. Assn., 242 S.W. 249, error refused; Tex. Jur. vol. 45 p. 637.

In the case of Texas Employers Ins. Assn. v. Williams et al, 57 S. W. (2d) 218, the Dallas Court of Civil Appeals, in passing upon a question identical with the question presented in your inquiry, held in effect that one of several beneficiaries entitled to recover compensation may not assign to the other his interest in the claim, and that where a divorced husband attempted to assign to his divorced wife his claim for compensation for the death of their son, such an assignment did not come within any of the statutory exceptions.

The cases are agreed that provisions in Workman's Compensation Acts prohibiting the assignment or waiver of any


claim under the acts, without approval by the court, are valid, and not an unconstitutional limitation of the freedom of contract.  American Law Reports vol. 47 p. 799.

In the case of Workman's Compensation Board of Kentucky v. L. F. Abbott et al, 212 Ky. 123, 278 S. W. 533, it was held that the Legislature may, under its police power, prohibit the assignment of claims arising under the act, and that it necessarily follows that it would also be competent to deny the right to settle the claim or award after it was made, in a manner different from the mode provided by the act itself, since the settlement of a claim generally involved an assignment or a relinquishment of a part of it.

In view of the foregoing authorities you are respectfully advised that it is the opinion of this department that Alfred Lee Love does not have the right or authority to relinquish or assign his claim in favor of his divorced wife, as such an assignment does not come within any of the statutory exceptions.

Trusting that the foregoing answers your inquiry, we remain

Yours very truly

ATTORNEY GENERAL OF TEXAS

By *Ardell Williams*

Ardell Williams
Assistant

AW-Mr

APPROVED:

*Gerald C. Mann*

ATTORNEY GENERAL OF TEXAS

APPROVED
OPINION
COMMITTEE
BY
CHAIRMAN